Please call the next case. Thank you. 514-0017, City of Pinckneyville v. Workers' Compensation Comm'n. Okay, counsel, I proceed. Good morning, thank you. May it please the court, counsel? My name is Mark Cozzamini, and I represent the City of Pinckneyville in this matter. I guess we'll start off with all the disclaimers. I didn't do the trial, I didn't do the brief, but I accept full responsibility for both. All right, well, thank you for doing that. That seemed to be the theme of the morning. This is a slip or trip and fall case, and what it really comes down to is whether the commission's decision is based on speculation and conjecture. And I will anticipate your question. That would be? The commission does get to weigh the credibility of the witnesses. That was going to be my first question. And although you're contending the claimant was not credible and there was inconsistencies, you know my first comment's going to be, isn't that a matter solely within the province of the commission? And the commission gets to make reasonable inferences. Right. So far, so good. So how does that help you? I think it helps because the commission did not make reasonable inferences, and looking at the totality of the evidence, their ultimate conclusion was contrary to the manifest weight of the evidence. I think that's the difference. Based on a credibility determination, or what? Well, I think it goes beyond a credibility determination. The kink in this case is this guy falls and he's unconscious. Obviously, that presents a problem for the claimant to prove how the accident happened and whether or not it's compensable. Although eventually, doesn't he wake up and say he slipped on the plywood? He does. Almost four weeks later, he remembered. So why can't the commission and the arbitrator believe that he remembered and slipped on the plywood? They could if it's consistent with anything else. Let me ask you this. Is there any medical evidence in the record? Is there any expert testimony that would serve to discredit the employee's version of what happened here in terms of his memory coming back? Did anyone say, no, that just isn't medically possible or likely? No. I don't think there's anything one way or the other. So what are we to do? What is the commission to do in that circumstance? They have the employee giving this recitation of what has occurred and the memory is coming back over time. They find it to be reasonable in terms of his testimony, apparently, and they credit it. And there's no contrary evidence in terms of medical testimony saying that that is inherently credible. So where does that leave you here? Well, I think it goes beyond the medical evidence, though. I think if you look at his testimony that, hey, I remembered I tripped over this piece of plywood, and compare that to the other non-medical evidence to determine whether or not it's credible. So what is the other non-medical evidence that supports your claim that you're referring to? Well, you start with the history, which is in the emergency room, but I wouldn't call that part of the history as medical evidence. In the first emergency room record, he's there and he doesn't have any recollection of what happened. His co-workers are there with him. That's consistent with his testimony. It's consistent that he fell. It's consistent that he was unconscious. And that he has no, at that point he had no recollection. That's what he said, I didn't recall until later what happened. Right, and the records say that he fell on concrete, that he was at ground level and fell on concrete. But he couldn't have given that history because he didn't have any recollection. Right, the people who did have a recollection and the people who weren't suffering from a trauma to the head are the ones that gave that information. And were they there? Were they eyewitnesses? Well, they brought him to the hospital. And I think it's a, I don't want to say an assumption that seems so bad, but I think it's a reasonable inference that since they're the ones that took him to the hospital and they say that they found him on concrete, that they had that knowledge. Can I ask you a question? This walkway that had the plywood on it, is that a concrete walkway? It's aluminum. It's like a graded aluminum, they called it a catwalk in the record. Let me ask you a question that I think is important. I think I know the answer and I don't want to put you on the defensive, but to me it's the $6 million, $10 million question. I might be more inclined to get into your credibility argument if you can answer this question. Was there any evidence presented at all? Forget about what the claimant said that showed the claimant had some kind of a history of falling or passing out or idiopathic falls. Was there anything to indicate that? Because that to me could legitimately undermine the claimant's memory and credibility. Any evidence that he would fall without tripping on something? Absolutely not. So that is pretty difficult to overcome. It would make it easier for me if there was evidence. Yeah, wouldn't it? That's what I'm thinking. Then I could buy into your argument a little bit more. But I haven't made up my mind yet, but continue on. It doesn't sound like it. I guess getting back into the credibility argument and whether it was reasonable for the commission to find his testimony credible, look at the different histories that he gave. Now, in that first interview he gave with the insurance adjuster, Kim, I spelled wrong in the brief, he told her that he had no recollection of what happened. In a trial, he testified that he remembered that he tripped. He just didn't tell her that. Well, if he remembered that he tripped, he didn't tell it to the adjuster. He didn't tell it to either of the two doctors he treated with after that time. Before he remembered everything. I think that's a difficult burden for him to overcome in saying that he's credible, that he's given a true. All right, let me see if I understand the gist of your position. Your position is, of course, is that the claimant has the burden, total burden on the claimant to prove his case, right? That's absolutely right. You don't have to disprove it. You're saying there's so many inconsistencies and infirmities in his testimony that he did not prove his case. Yes, and there's a lack of corroboration in the other evidence. So it's not just his testimony. It's the emergency room records. It's the failure to provide a history to the doctors after he claims he knew he tripped. All these things combined together, I think, lead to the conclusion that he's not a credible witness and the commission had to make, I guess, unreasonable inferences or speculate to buy into his story. I have lots of notes. You know, that really sums it up, though. And thank you for acknowledging full responsibility for everything that transpired before today. It's all my fault. Whatever it is, it's my doing. It's refreshing. Thank you. Thank you. Any further questions? I don't believe there are. Thank you. Counsel, you may respond. Well, when I first started practicing law, a much more senior lawyer than myself said, if you feel like you're ahead on points, maybe you're better off not to say anything at all. Good advice. At risk of … At risk of assuming you're not ahead in points? Well, I do want to clear up a couple of points. There was a time in my career when I was a lawyer and there was nothing in the record indicating that there were any other eyewitnesses. Okay. Anything in the record indicate he had fallen before, had a history of passing out or anything? No. In fact, the testimony was that he had had no prior issues or problems. No balance passing up like that? There's none of that. No evidence in the record where somebody is disputing the mechanism of injury, where some physician is saying, well, assuming everything he says is true, it could not have caused the kind of injuries that caused these medical conditions. The simple fact of the matter is the arbitrator decided and the commission agreed that he had short-term memory loss, he recovered his memory, and they believed him. And on a manifest way to the evidence standard, I don't think that the commission needs to be affirmed. Thank you, counsel. Counsel, you may reply. And in the commission's decision, one of the paragraphs focuses, it's only a few paragraphs long in the conclusions of law section, and they talk about the things that are wet and slippery on the catwalk. Well, if he tripped over a piece of plywood, what's the relevance of that? It makes me wonder where the line of thinking was in saying that he was a credible witness and he tripped over this board, when then they have to talk about everything being slippery on the catwalk. Well, wasn't there a wastewater plant? Sure. And moisture? There very well may be, but is that why he fell? If it is, then his newfound memory is wrong. So it just struck me as why would they put that in there if that wasn't the reason he fell? Thank you very much for your time. Thank you, counsel, both for your arguments in this matter. It will be taken under advisement and written disposition shall issue. Have a good lunch. Thank you.